IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRAVIS WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  Civil Case No.   04-617-DRH-PMF |
| | ) |
| **OFFICER COWAN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Taylor's motion to dismiss, which has been converted to a motion for summary judgment (Doc. No. 11). Taylor seeks dismissal on the basis that plaintiff failed to exhaust his administrative remedies. Supporting and opposing materials are now on file (Doc. Nos. 19, 20, 22, 24, 25).

With respect to defendant Taylor, plaintiff asserts a § 1983 claim of excessive use of force. Plaintiff alleges that Taylor refused to loosen tight handcuffs on August 4, 2004, when swelling on plaintiff's wrists was clear and visible.

An inmate complaining about prison conditions must exhaust administrative remedies before filing suit. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion requires compliance with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The Illinois Department of Corrections' administrative remedy process permits inmates to seek emergency consideration of a grievance by sending the grievance directly to the warden. 20 Ill. Admin. Code § 504.840. An inmate who asks prison officials to handle a grievance on an emergency basis pursuant to § 504.840 of the Illinois Administrative Code is not required to resubmit the grievance using the standard procedure. *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005). Prison officials cannot exploit the exhaustion requirement through endless delay or frustrate an inmate's efforts to comply with the administrative review process by imposing hurdles that are not part of the established grievance procedure. *See Lewis v. Washington*, 300 F.3d 829, 835 (7th Cir. 2002); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To determine whether there is a genuine issue of material fact, courts construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Plaintiff was confined at Menard Correctional Center in 2004. In April, May, and June, 2004, he asked prison officials to consider emergency grievances regarding the use of excessive force. On June 16, 2004, a grievance officer recommended denial of the April, 2004, grievance. The warden agreed. Plaintiff submitted an appeal to the Administrative Review Board. He received no response. Meanwhile, plaintiff's May and June, 2004, grievances were ignored. When plaintiff attempted to prepare another grievance regarding this topic in August, 2004, his counselor informed

him that his concerns regarding excessive force had been resolved and that another grievance on that subject would not be accepted.  Plaintiff filed this § 1983 action on September 2, 2004.

At some point, Terri Anderson searched the records maintained by the Administrative Review Board (ARB) and found no grievances regarding the actions of defendant Taylor in August, 2004.

The evidence, construed in plaintiff's favor, does not establish that defendant Taylor's affirmative defense has merit.  Rather, plaintiff can show that administrative remedies regarding a complaint of excessive force were not available at Menard Correctional Center in August, 2004.

IT IS RECOMMENDED that defendant Taylor's motion (Doc. No. 11) be DENIED.

**SUBMITTED:**   **February 7, 2007**  .

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**