IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVIS WILLIAMS, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 04-617-DRH-PMF |
| | ) |
| OFFICER COWAN, et al., | ) |
| | ) |
|        Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Cowan, Clover, Ellsworth, Ebers, Hein[1], Taylor, and Ward's motion for summary judgment (Doc. No. 30).[2] Plaintiff is proceeding against these defendants on a civil rights claim challenging the conditions of his confinement at Menard Correctional Center pursuant to 42 U.S.C. §1983. Specifically, plaintiff alleges that in April of 2004, defendants Cowan and Ellsworth subjected him to cruel and unusual punishment in violation of the Eight Amendment when defendants refused to loosen restraints left on for four hours. Plaintiff alleges that on June 2, 2004, defendants Hein and Ward subjected him to cruel and unusual punishment when they refused to loosen his restraints and that on August 4, 2004, defendants Taylor, Clover, Ellsworth, and Ebers subjected him to cruel and unusual punishment when they refused to loosen his restraints.

---

[1] The materials on file identify this defendant by two surname: "Hein" and "Heinen." For purposes of this report, the name "Hein" is used to refer to this defendant.

[2] On June 12, 2006, District Judge Herndon dismissed defendants Hinsley, Inman, Middendorf, Boone, and Collier.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c), *see also*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). When a motion for summary judgment is made and supported, an adverse party may not rest upon the mere allegations or denials of the party's pleading but must set forth specific facts showing there is a genuine issue for trial. *Id.* To determine whether there is a genuine issue of material fact, courts construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…, subjects, or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law….

42 U.S.C. § 1983.

The material facts, construed in the plaintiff's favor, are as follows. While the plaintiff was a resident of Menard Correctional Center in 2004, defendants Cowan, Clover, Ellsworth, Ebers, Hein, and Ward were correctional officers for the Illinois Department of Correction ("IDOC") working at Menard Correctional Center. Defendant Taylor was a lieutenant for the IDOC at Menard.

On April 7, 2004, the plaintiff, a segregation inmate, was taken from Menard to the Peoria County Courthouse for a trial date. Defendants Ellsworth and Cowan were all present. Defendant Clover applied the restraints. The restraints included leg shackles, handcuffs, a waist chain, and a black box over the handcuffs. The black box is a device that prevents prisoners

from sticking objects in the keyhole of the handcuff lock.  The restraints were applied around 4:00 a.m. on April 7, 2004.  While the black box device was on, plaintiff was unable to write.  When the van stopped to get gas, plaintiff asked the officers to loosen the handcuffs.  The restraints were finally removed at around 7:00 p.m. the evening of April 7, 2004, when the plaintiff returned to Menard.  The plaintiff asked a lieutenant for emergency medical help.  The plaintiff showed the lieutenant the damage to his wrists.  The lieutenant told the plaintiff that when he returned to segregation he would have to sign up for "sick call."  The plaintiff sustained bruising, cuts into his wrists, and temporary numbness.  The plaintiff was seen by health care professionals after each trip to Peoria and was provided with treatment.

On June 2, 2004, the plaintiff was again removed from Menard and taken to Peoria for a court appearance.  Defendants Mark Hein and Cory Ward were present.[3]  The restraints were applied about 4:00 a.m. that morning.  The same restraints applied on April 7 were applied on June 2.  Again, when the van stopped to get gas, the plaintiff asked the officers to loosen the handcuffs.  Again, the restraints were removed when the plaintiff returned to Menard.  This time the plaintiff returned around 5:00 or 6:00 p.m.  Officer Hein joked that the restraints would only be removed if the plaintiff's hand fell off.

On August 4, 2004, the plaintiff was again taken from Menard to Peoria for a court appearance.  Defendants Ellsworth, Clover, and Ebers were present on that date.[4]  The plaintiff also recalled that defendant Taylor checked his handcuffs that morning.  Again, the restraints were removed when plaintiff returned to Menard.  This time the plaintiff returned around 7:00 or

---

[3] At the time of the deposition, the plaintiff could not recall who applied the restraints.

[4] Three officers were present for the August 4 trip because two inmates were being transferred to Peoria rather than just one.

8:00 p.m.  On this occasion, the plaintiff's wrists were bleeding and showed a deep red mark.  Plaintiff also experienced cramps in his arms.  The plaintiff was prescribed pain medication at Menard.  The plaintiff was later treated for symptoms related to the medication.

### I.     Use of Force

The defendants seek judgment in their favor on the basis that restraints were used in a good-faith effort to prevent escape and maintain prison security.  Plaintiff responds that excessive force was used for the purpose of causing harm (Doc. No. 38).

In considering whether a violation of the Eight Amendment occurred, the Court must determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  There are a number of factors used to determine if excessive force was used, including "the need for the application of the force, the amount of the force applied, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury that force caused to an inmate."  *Filmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004).

Plaintiff was required to wear handcuffs, a waist chain, leg irons, and a security black box when he was taken from Menard to Peoria, Illinois, for court appearances.  The plaintiff was a prisoner being transferred from Menard Correctional Center to a courthouse in Peoria for a trial date.  The need for force in the form of restraints is quite strong in this instance.

In *Bruscino v. Carlson*, 654 F.Supp. 609 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988), the court dealt with the use of black box restraints.  Prisoners complained about the tremendous discomfort caused by the restraints and said the restraints limited their ability to

communicate with lawyers. The court found that "the security concerns of prison administrators justify the measures that have been taken." *Id.* at 617.

In the present case, the security concerns associated with transferring a prisoner from Menard to the Peoria County Courthouse are equal to those outlined in *Bruscino*. Thus, the security concerns justified the measures taken in this case.

The amount of force applied in the plaintiff's case is also similar to *Bruscino*. The plaintiff was required to wear handcuffs, a waist chain, and a black box when he left the segregation unit.

Nothing in the record suggests the defendants in the present case applied the force "maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7 (1992).

The court takes judicial notice that Menard Correctional Center is a maximum security facility. Also, the plaintiff was a segregation inmate traveling from Menard to a courthouse in Peoria, Illinois. Under these circumstances, the officers could have reasonably perceived a substantial threat. "[A]dditional restraint [is] justified 'by the greater risk of escape when prisoners are outside the institution and [by] the reduced number of guards available to oversee the prisoners during those journeys.'" *Knox v. McGinnis*, 998 F.2d 1405, 1410 (7th Cir. 1993).

Nothing in the record suggests the defendants ever attempted to temper the severity of the force.

The restraints caused the plaintiff severe pain, bruising, cuts on his wrists, numbness, and bleeding. The plaintiff was prescribed pain medication and was also treated for symptoms related to effects of the pain medication. The plaintiff submitted an affidavit from inmate R. Burnett, which verifies both the extent and nature of the plaintiff's injuries.

In *Bruscino*, the plaintiff was restrained with handcuffs, a black box, and leg restraints. The plaintiff complained that the black box caused great discomfort. The court found that no constitutional right had been violated. *Bruscino,* 654 F. Supp. at 617. "[T]he Court can only conclude that the security concerns of prison administrators justify the measures that have been taken." *Id.*

The need for the application of the force in this case is quite high. The amount of force applied has previously been found not cruel and unusual. *Id.*

However, the extent of the plaintiff's injuries and the fact that no effort was made to loosen the restraints when injury was apparent both weigh in the plaintiff's favor. Construing the evidence in plaintiff's favor, a reasonable jury could find that a constitutional right has been violated when weighing the multi-factor test from *Filmore v. Page*, 358 F.3d at 504.

## II.     Qualified Immunity

Defendants raise the defense of qualified immunity. The Court first decides whether the defendants' conduct violated a Constitutional right. If so, the Court then considers whether the right was clearly established in the light of the specific context of the case. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

The Court first considers whether the defendants' conduct violated a Constitutional right. As discussed above, the facts, construed in plaintiff's favor, could support a finding that these defendants applied force maliciously and sadistically for the purpose of causing harm.

Next the court must determine whether the right was clearly established in the light of the specific context of the case.

In *Knox v. McGinnis*, the court found prison officials were entitled to qualified immunity with respect to using black box restraints. The court in *Knox* found qualified immunity applied

to the use of black box restraints within the walls of the prison. "Its use may inflict some discomfort, such as numbness of the arms and temporary marks, but the record does not show that prisoners are exposed to great pain or that any of their discomfort is occasioned either deliberately, as punishment, or mindlessly, with indifference to the prisoners' humanity." *Knox v. McGinnis*, 998 F.2d at 1410.

In the present case, the defendants are entitled to qualified immunity. The law at the time of the defendants' actions could not have alerted the defendants their actions were improper or unlawful. In the present case, the law clearly establishes qualified immunity applies to the use of black box restraints in the transport of prisoners outside and inside the prison walls. *See Fulford v. King*, 692 F.2d 11 (5th Cir. 1982)(the use of black box restraints when taking prisoners on trips outside the prison is not cruel and unusual punishment); *Knox v. McGinnis*, 998 F.2d 1405 (7th Cir. 1993)(the use of black box restraints to transfer prisoners within the prison is not cruel and unusual punishment); and *Bruscino v. Carlson*, 654 F.Supp. 609 (S.D. Ill. 1987)(the use of black box restraints during attorney visits is not a constitutional violation).

### III. Conclusion

IT IS RECOMMENDED that defendant Cowan, Clover, Ellsworth, Ebers, Hein, Taylor, and Ward's motion for summary judgment (Doc. No. 30) be GRANTED. If this recommendation is adopted, no claims will remain for decision.

SUBMITTED:  June 27, 2007  .

 s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**